**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**No. 09-18-00276-CR**
_____

**CAMERON EDWARD GRUBBS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 16-25542**

**MEMORANDUM OPINION**

In this appeal, Cameron Edward Grubbs' court-appointed appellate counsel submitted a brief in which counsel contends that no arguable grounds can be advanced to support Grubbs' appeal from his conviction for harassing a public servant.[1] Based on our review of the record, we agree that no arguable issues exist to support Grubbs' appeal.

---

[1] *See* Tex. Penal Code Ann. § 22.11(a)(3) (West Supp. 2018).

1

On appeal, Grubbs' appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record.[2] In the brief, counsel concludes that no meritorious issues can be argued to support Grubbs' appeal. After receiving the *Anders* brief, we granted an extension of time so that Grubbs could file a *pro se* response. However, Grubbs did not file one.

The record from the court below shows that in August 2016, a Jefferson County Grand Jury indicted Grubbs for harassing a public servant.[3] In September 2016, Grubbs judicially admitted that he was guilty of the offense. In October 2016, based on Grubbs' plea agreement with the State, the trial court deferred further proceedings, did not adjudicate Grubbs' guilt, and placed Grubbs on community supervision for five years.

In February 2018, the State filed a motion to revoke the order the trial court used to place Grubbs on unadjudicated-probation. In its motion, the State alleged that Grubbs had violated the conditions of the order in six ways, which the State's motion described. In April 2018, the trial court conducted a hearing so Grubbs could

---

[2] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[3] *See* Tex. Penal Code Ann. § 22.11(a)(3).

present his pleas to the allegations in the State's motion to revoke. During the April hearing, Grubbs pleaded "true" to two of the violations of the order based on the allegations in the State's motion.

Approximately two months later, the trial court conducted an evidentiary hearing on the motion to revoke.[4] At the conclusion of the hearing, the trial court found that Grubbs had violated the conditions of the court's deferred-adjudication order on a total of five grounds, which included the grounds relevant to the ones on which Grubbs pleaded true. After finding five of the violations to be true, the trial court pronounced Grubbs guilty of harassing a public servant. The trial court then sentenced Grubbs to prison for four years.[5]

After reviewing the appellate record and the *Anders* brief filed by Grubbs' counsel, we agree with counsel's conclusion that any appeal would be without

---

[4] In the hearing, the State abandoned one of the grounds on which it claimed that Grubbs had violated the conditions of the court's deferred-adjudication order.

[5] A conviction for harassing a public servant is a third-degree felony. Tex. Penal Code Ann. § 22.11(b) (West Supp. 2018).

merit.[6] Thus, we need not order the appointment of new counsel to re-brief Grubbs'

appeal.[7] Because Grubbs' appeal is frivolous, we affirm the trial court's judgment.[8]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 21, 2018
Opinion Delivered March 13, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[6] *See Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015) ("A plea of true, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt.").

[7] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined arguable grounds exist to support the appeal).

[8] Grubbs may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.